IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

E.C., J.L.,J.C.,T.G.,B.G., and A.G. by    )
Next Friend, Jill Katz, et al.,           )
                                          )
            Plaintiffs,                   )
                                          )
      v.                                  )      No. 05-0726-CV-W-SOW
                                          )
K. GARY SHERMAN, in his official          )
capacity as Director of the Missouri      )
Department of Social Services,            )
                                          )
            Defendants.                   )

ORDER

Before the Court is a Joint Motion for In Camera Inspection of Documents Withheld from

Production on the Basis of the Deliberative Process Privilege (Doc. #71). After this motion was

filed, the Court conducted a telephone conference with counsel for all parties on January 12,

2006. The Court agreed to review the disputed documents in camera. By agreement, the parties

filed their briefs on the issue during the afternoon of January 12, 2006. Defendants also provided

the Court with copies of the disputed documents for an in camera review.

The Court has reviewed the briefs filed by the parties as well as the disputed documents.

For the reasons stated below, the Court finds that the disputed documents need not be produced

to plaintiffs by defendants.

I.  Discussion

Defendants argue that they are not required to produce copies of the six documents at

issue to plaintiffs because the documents are protected from disclosure by the deliberative

process privilege. See Callaway Community Hosp. v. Sullivan, 1990 WL 125176 (W.D. Mo.

1990). In order for documents to be subject to the deliberative process privilege, they must meet two requirements: (1) they must be predecisional, or generated before adoption of agency policy and (2) they must be deliberative, or reflect the give and take of the deliberative process. Id. at *2. Deliberative documents include opinions, recommendations, and advice about agency policies. Id. Draft documents, proposals, suggestions, and recommendations also fall within the description of deliberative documents where they reflect the personal opinions of the writer rather than the policy of the agency. Id. at *5.

Even if a document meets the requirements of the deliberative process privilege, the government must show that its interest in non-disclosure overrides the litigants need for the information contained therein. Id. at *3. The factors to be considered by the Court in balancing the competing interests of the parties are: (1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder "frank and independent discussion regarding contemplated policies and decisions." Id.

As a preliminary matter, plaintiffs question the ability of defendant Sherman, as the current Director of DSS, to invoke the deliberative process privilege, suggesting that the documents are not related to an agency decision made within DSS. Having examined the documents, the Court finds that all six of the documents at issue are dated on or before May 27, 2005, the date on which the Children's Division issued its policy about implementation of the changes to Missouri's adoption assistance program based upon the passage of Senate Bill 539. This policy was announced in the form of a memorandum to be considered "policy" until policy manual revisions could be issued. Furthermore, the documents do relate to discussions taking

2

place within DSS about the impact of Senate Bill 539 and related policy decisions. Thus, the documents meet the requirement of being predecisional.[1]

A.     Document #1 - Alternatives to Means Test

The first document at issue consists of e-mail communications between Patrick Luebbering, the Assistant Deputy Director of the Children's Division, Frederic Simmens, Director of the Children's Division, and Amy Martin, a Program Development Specialist in the Children's Division, concerning alternatives to the means test. Attached to said emails is a document apparently created by Mr. Luebbering in February of 2005, exploring said alternatives. These email exchanges as well as the attached document constitute proposals, ideas, or theories on ways in which savings could be obtained in the adoption subsidy program other than by applying a means test to determine eligibility.

Ultimately, these alternatives were rejected. Subjecting such discussions of alternatives to disclosure would chill discussion of such alternatives and proposals in the future. They are also irrelevant because they were not incorporated into the legislation that was passed.

Plaintiffs' interest in these materials does not outweigh the government's interest in protecting them from disclosure. The Court finds that these documents are protected by the deliberative process privilege.

B.     Document #2 - Frederic Simmens Wording of Amended Senate Bill 539 and Document #3 - Jennifer Stillabower's Amendments to Senate Bill 539

The second document is comprised of e-mail communications on May 10, 2005, between

---

[1]The Court need not address the issue of whether former defendant Blunt asserted the privilege. The documents provided to the Court are protected by the privilege as asserted by defendant Sherman and the DSS.

Case 2:05-cv-00726-SOW   Document 74   Filed 01/13/06   Page 3 of 6

Frederic Simmens, Connie Cunningham, the Legislative Liaison for DSS and Harry Williams, Director of the Division of Legal Services for DSS, concerning the wording of Senate Bill 539. Similarly, the third document is a May 10, 2005 response from Jennifer Stillabower, an attorney within the Division of Legal Services, directed to Mr. Simmens. This document contains a version of Missouri Revised Statute Section 453.073 that was later amended by Senate Bill 539.

In addition, there are pages containing Harry Williams' legal arguments. Finally, there is a memorandum concerning means testing drafted by Omar Davis, Deputy General Counsel to the Governor.

These documents also fall under the deliberative process privilege. They are simply documents memorializing the exchange of recommendations, proposals, suggestions, and even non-binding legal advice. These documents concern an alternative version of Senate Bill 539 that was never enacted. These documents are not relevant to plaintiffs' claims and need not be produced.

C.      Document #4 - Missouri's Proposed Model of Determining Income

The fourth document was drafted by Amy Martin and is a proposed model of determining the income against which the means test would be applied which she prepared for Mr. Simmens. It compares other State's methods of determining income and offers a proposed Missouri model. This is clearly an evaluation and recommendation prepared by a subordinate employee for Mr. Simmens' review, or a proposal, and, as such, it is protected by the deliberative process privilege.

D.      Document #5 and Document #6 - Amy Martin's Drafts of Policy Changes

Amy Martin prepared these drafts of proposed policy changes for Mr. Simmens. The first deals with child care in the adoption subsidy program. This aspect of the program was not

4

altered by Senate Bill 539 or any other legislation. The second document is simply a draft of a memorandum that was later issued by Mr. Simmens.. Document #5 is not relevant to the issues raised in this lawsuit. Document #6 is a draft that is clearly protected by the deliberative process privilege.

E.     Interest in Non-Disclosure

The Court finds that all of the documents are about contemplated policies or decisions made within DSS. Discussions among DSS employees of alternatives to the legislation that was adopted, and drafts of proposals of policies made necessary by the passage of certain legislation, fall within the deliberative process privilege.

Plaintiffs suggest that their Equal Protection and Contracts Clause claims provide a basis for reviewing the documents "to assess whether a legitimate governmental purpose underlies the challenged statutory provisions and whether the provisions are narrowly drawn to meet that purpose." Having reviewed the documents in camera, the Court cannot see how the internal DSS documents at issue would assist plaintiffs in making that determination. Plaintiffs overstate the importance of these documents.

## II. Conclusion

Accordingly, it is hereby

ORDERED that the Joint Motion for In Camera Inspection of Documents Withheld from Production on the Basis of the Deliberative Process Privilege (Doc. #71) is granted. It is further

ORDERED that having conducted said in camera review, the Court finds that the documents at issue are protected by the deliberative process privilege. Defendants are not required to produce said documents to plaintiffs.


/s/Scott O. Wright_____
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 1-13-06