IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| E.C., J.L., J.C., T.G., B.G., and A.G., each a Minor by Next Friend, Jill Katz; W.S., M.S., and D.S., each a minor by Next Friend, Robert Strange; M.P., a minor by Next Friend, Michael Patterson; A.C., a minor by Next Friend, Lana Capps; J.A., a minor by Next Friend, John Antonich; T.J. and A.J., each a minor by Next Friend, Lavada Johnson; and N.S., a minor by Next Friend, Tammy Smith, <br><br>          Plaintiffs, <br><br>vs. <br><br>K. Gary Sherman, in his official capacity as Director of the Missouri Department of Social Services, <br><br>          Defendant. | Case No. 05-0726-CV-C-SOW <br> Senior District Court Judge Scott O. Wright |

**ORDER GRANTING PERMANENT INJUNCTIVE RELIEF**

      This cause coming to be heard on Plaintiffs' Complaint and Defendant's Answer thereto, the Court having conducted a trial on the merits on April 27, 2006, all parties having been present through and represented by counsel, the Court having considered and weighed the evidence introduced into the trial record, and having made certain factual and legal determinations reflected in the Court's separate findings of fact and conclusions of law, the Court also having read the proposed findings of fact, conclusions of law and legal memoranda

submitted by the parties and having heard oral argument by counsel, IT IS HEREBY PROVIDED:

THE COURT FINDS:

1. Plaintiffs have prevailed on the merits of the statutory and constitutional causes averred in Counts I, II and III of their complaint. 2005 Missouri Senate Bill 539's proposed amendments to Missouri Revised Statutes Section 453.073.3(4) and Section 453.073.4 violate federal law on the following grounds:

**Count I:** Amended Section 453.073.3(4) violates and is preempted by the Adoption Assistance and Child Welfare Act of 1980, as amended by the Adoption and Safe Families Act of 1997, 42 U.S.C. § 620-27, 670-79a (collectively the "Adoption Assistance Act"), and specifically 42 U.S.C. § 673(a)(3), because the amended section places within the discretion of the Director of the Missouri Department of Social Services (DSS) the unilateral authority to renew adoption subsidy agreements executed by the state of Missouri for both IV-E eligible and non-IV-E eligible foster children; and imposes a blanket one-year limitation upon the duration of all adoption subsidy agreements, causing pre-existing, current and future adoption subsidy agreements to expire automatically upon their one-year anniversary. Section 453.073.3(4) also violates and is preempted by the federal statute as interpreted and applied by official issuances of the federal Department of Health and Human Services (HHS) in the federal child welfare manual.

**Count II:** Amended Section 453.073.4 violates the Equal Protection Clause because it provides for differential treatment among similarly situated special needs foster children without adequate justification. The amended section is predicated on the baseless assumption that there is no greater need on the part of those provided subsidies under SB 539 than from those excluded from

receiving subsidies under the bill. Specifically, for one group in which the income of the children's biological parent(s) (from whom they were removed and placed into foster care) exceeded the AFDC eligibility standard for Title IV-E purposes, the means test will be imposed on the income of the children's existing or prospective adoptive parents to deny or terminate their adoption subsidy. For the other group, in which the income of the children's biological parent(s) met the AFDC eligibility standard for Title IV-E purposes, no means test will be applied to the children's current or prospective adoptive parent(s), regardless of their income.

Amended Section 453.073.4 will result in non-Title IV-E foster children staying in foster care for at least six months longer, violating their fundamental rights to be free from unnecessarily prolonged confinement. Under a strict scrutiny standard, it is not narrowly tailored to achieve a compelling state purpose. Alternatively, amended Section 453.073.4 is not rationally related to a legitimate government interest. The challenged law is not rationally related to a legitimate government interest because the income of a child's biological parent(s) is not related to the income of a children's adoptive parent(s). The challenged law is also not rationally related to a legitimate government interest because the gross income of a child's adoptive parent(s) does not rationally relate to the child's specific needs or the family's expenses. In addition, the challenged law is not rationally related to saving money by directing funds to the most needy because it will not apply a means test to the income of the adoptive parents of IV-E eligible children, no matter how high their annual gross income. Finally, the asserted governmental purpose underlying the means test is illusory and non-existent because the means test will not save taxpayer money, but will increase the overall cost of child welfare in the State of Missouri.

**Count III:** Amended Sections 453.073(4) and 453.073.4 are unconstitutional under the Contracts Clause of Article I, Section 10 of the United States Constitution, under the controlling heightened scrutiny standard when the state is a party to a contract. These sections, on their face, impair the obligation of the state to a) subsidize the expenses of adoptive parents through maintenance payments, and b) to provide necessary authorization for participation of adopted children in the Missouri Medicaid Plan. The impairment of contractual rights is substantial because amended Section 453.073.3(4) abrogates all existing agreements, and amended Section 453.073.3(4) transforms what were binding contractual obligations for adoption assistance into payments made "at the discretion" of the State and reviewable by the State alone on a yearly basis. By making all pre-existing contracts expire after one year, amended Section 453.073.3(4) fundamentally alters the duration of existing contracts. Significantly, the State's obligation to authorize the participation of adopted children in the Missouri Medicaid Plan becomes an item subject to a yearly review for eligibility under these sections. Finally, amended Section 453.073.4. adds requirements and conditions for adoption assistance and Medicaid participation which were not part of the original contracts. The state has failed to establish a sufficient governmental purpose to justify the substantial impairment.

2. Plaintiffs have demonstrated that they will suffer irreparable harm absent the entry of permanent injunctive relief,

3. The irreparable harm to be suffered by Plaintiffs absent injunctive relief substantially outweighs any threat of harm to Defendants flowing from this permanent injunction order, and

4. The public interest is and will be served by the entry of permanent injunctive relief.

THE COURT FURTHER ORDERS:

1. The preliminary injunction order previously entered by this Court in this cause is vacated and replaced by this order and the further order to be filed as set forth in item 4 below.

2. Defendant, K. Gary Sherman, in his official capacity as the Director of the Missouri Department of Social Services, along with DSS's officers, agents, employees and attorneys, are permanently enjoined from implementing the provisions of Missouri Senate Bill 539, that amend Missouri Revised Statutes § 453.073 or any other statutory section defining the adoption assistance program in Missouri, as well as any rules or regulations promulgated in furtherance of the challenged provisions of Missouri Senate Bill 539. No act may be taken to put into operation or otherwise give any effect to the intent of the provisions of Missouri Senate Bill 539 that amend Missouri Revised Statutes § 453.073.

3. Plaintiffs are entitled to recover their expenses of litigation, including reasonable attorneys fees and nontaxable costs, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 23(h).

4. The Court will issue findings of fact and conclusions of law consistent with this order.

5. DSS shall provide notice to all children and families affected by this order pursuant to the terms stated in this Court's further opinion granting permanent injunctive relief.

DATED: 5/1/2006

                ENTERED BY:

                __/s/ Scott O. Wright___
                Scott O. Wright
                Senior United States District Court Judge